## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

JAMES DEAKINS,

                                                CASE NO.:

Plaintiff,

vs.

WAL-MART STORES EAST LP, A Foreign
Limited Partnership, d/b/a Walmart #2176;
and MARY WESTER

Defendant.

_____/

## DEFENDANT'S PETITION FOR REMOVAL

COMES NOW Defendant, WAL-MART STORES EAST, LP by and through their undersigned counsel hereby petitions for Removal of the above-styled action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, where the same is now pending as Case No. 2021- CA004097 to this Court.  Removal is proper on the following grounds:

1.      Plaintiff commenced a civil action in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled *JAMES DEAKINS vs. WAL-MART STORES EAST, LP and MARY WESTER*, Case No. 2021-CA004097.  *See* Plaintiff's Complaint in the State Court Action attached hereto as an Exhibit.

2.      The Summons and Complaint in this case were served upon Defendant, WAL-MART STORES EAST, LP, on or about April 26, 2021.  *See* Service of Process attached hereto as an Exhibit.

3.      As of the date of this Notice of Removal, Mary Wester has not yet been served with the Complaint.

4.      In pertinent part, the Plaintiff's Complaint against Wal-Mart Stores East, LP, and employee/agent, Mary Wester, are for claims sounding in negligence as a result of injuries the Plaintiff allegedly sustained arising from a slip/trip and fall incident on the premises of the subject Wal-Mart store located at 2144 West Indiantown Road, Jupiter, Palm Beach County, Florida.

5.      In his Complaint, Plaintiff states generally that Mary Wester was an agent and/or employee of Defendant Walmart, but fails to allege any facts indicating that Mary Wester was actively negligent by actively participating in and committing any tort to cause Plaintiff's incident. Rather, Plaintiff erroneously alleges that Mary Wester is liable for her injuries because he failed to properly execute various administrative responsibilities for performance of some function of his employment as an employee of Walmart.

6.      As shown more fully below, it is abundantly clear that Plaintiff's Complaint fails to allege any facts that Mary Wester had any active participation and active involvement in the alleged incident. *See* Declaration of Mary Wester attached as Exhibit A.

7.      Therefore, Plaintiff has joined Mary Wester to this lawsuit solely to destroy diversity jurisdiction.

8.      Pursuant to Sections 1332, 1441(b) and 1446 of Title 28 of the United States Code, Defendant and WAL-MART STORES EAST, LP, hereby remove the action in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled *JAMES DEAKINS vs. WAL-MART STORES EAST, LP and MARY WESTER*, Case No. 2021-CA004097.

9.      Removal is proper and appropriate under 28 U.S.C §1332, which allows for District Court jurisdiction over, "all civil action where the matter in controversy exceeds the sum or value of $75,000.00," and is between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. §§1332, 1441, 1446.

**Grounds for Removal**

Plaintiff's action may be removed to federal court if diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); *see also* 28 U.S.C. § 1332(a)(1) (stating the requirements for diversity jurisdiction).  As set forth below, this action satisfies both of these jurisdictional requirements.

**Diversity of Citizenship**

Diversity of citizenship exists in this case, because this is a civil action between citizens of different states. 28 U.S.C. § 1332(a)(1).  In determining a person's citizenship for purposes of diversity jurisdiction, "citizenship is equivalent to 'domicile.'" McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002).  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Id. (citation and quotations omitted).  Furthermore, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." Katz v. J.C. Penney Corp., 2009 WL 1532129, *3 (S.D. Fla. June 1, 2009) (internal citations omitted).

According to Plaintiff's Complaint, the Plaintiff is a resident of Palm Beach County, Florida.

Defendant Wal-Mart Stores East, LP, at all relevant times, was and still is a Delaware Limited Partnership with its principal place of business in Arkansas.  *See* Sunbiz Report attached as Composite Exhibit "B".  WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP.  These are the only partners of Wal-Mart

Stores East, LP.  WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies.  The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company.  The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware.  The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas.

The citizenship of co-defendant/customer servicer manager, Mary Wester, should be disregarded because she was fraudulently joined in attempt to destroy otherwise valid diversity jurisdiction. *Stillwell v. Allstate Ins. Co*., 663 F.3d 1329, 1332 (11th Cir. 2011); *Henderson v. Wash. Nat'l Ins*. Co., 454 F.3d 1278, 1281 (11th Cir. 2006); *Evelyne Petigny v. Wal-Mart Stores East, L.P*., Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016); *Edman v. Wal-Mart Stores East, L.P.*, Case No. 9:19-CV-80356-DMM, ECF No. 20 and ECF No. 21, (S.D. Fla. May 6, 2019); *Jennifer Roman v. Wal-Mart Stores East, L.P.*, 20-80869-Civ-Smith, ECF No. 10 (S.D. Fla. September 1, 2020).

Courts routinely disregard the citizenship of fraudulently joined parties when determining whether diversity jurisdiction exists. *Stillwell v. Allstate Ins. Co*., 663 F.3d at 1332.  A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate by clear and

convincing evidence either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently plead jurisdictional facts to bring the resident defendant into the state court. *See Stillwel*l, 663 F.3d at 1332; *Henderson*, 454 F.3d at 1281.

The determination of whether the resident defendant has been fraudulently joined must be based upon the plaintiffs pleadings at the time of removal, supplemented by an affidavits submitted by the parties. *See Pacheo de Perez v AT&T Co*., 139. F.3d, 1368, 1380 (11ᵗʰ Cir. 1998).

The issue of whether there is no possibility the plaintiff can establish a cause of action against the resident defendant turns on whether liability can be imposed on the resident defendant. *Hunt v. TariXorp*., Case No. 14-80266-CIV, 2014 U.S. Dist. LEXIS 54179, at *3-5 (S.D. Fla. Apr. 2014); *Tynes v. Target Corp*., Case No. 12-24302-CIV, 2013 U.S. Dist. LEXIS 40355, at *4-5 (S.D. Fla. Mar. 22, 2013).  If a defendant shows that "there is no possibility that plaintiff can establish a cause of action against the resident defendant . . . the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007).

Under Florida law, "a corporate agent or employee may not be held personally liable simply because of his general administrative responsibility or performance of some function of his employment — he or she must be actively negligent." *Id.* (quoting *McElveen v. Peeler*, 554 So.2d 270, 272 (Fla. 1st DCA 1989); *see also Niurka De Varona v. Discount Auto Parts, LLC*., 860 F. Supp. 2d 1344, 1348 (S.D. Fla. 2012) (quoting *Orlovsky v. Solid Surf*, 405 So.2d 1363, 1364 (Fla. 4th DCA 1981) ("[i]t is well established under Florida that [a store manager] does not incur personal liability for the corporation's tort merely by reason of the officer's official character")).

In *Niurka De Varona*, the plaintiff, a Florida citizen, filed a negligence claim against Advance Auto Parts, a Virginia Corporation. *Niurka De Varona*, 860 F. Supp. 2d at 1345.  Plaintiff amended her complaint and named the store manager, a Florida resident, as a joint defendant asserting a separate count of negligence against the store manager. *Id.* Specifically, the plaintiff alleged the store manager had a duty to use ordinary care to maintain the store premises in a reasonable safe condition and was negligent by failing to remove the dangerous condition or warn the plaintiff of it. *Id.* Thereafter, the defendant removed the case arguing the citizenship of the store manager should be disregarded because he was fraudulently joined solely to avoid federal jurisdiction. *Id.* at 1346.  In support of its notice of removal, Advance Auto Parts presented an affidavit from the store manager denying any personal responsibility for the plaintiff's incident, attesting that he was not in the parking lot when the accident occurred, that he could not see the parking lot from his vantage point in the store, and that he had no knowledge of any hazardous condition in the parking lot on the date of the incident. *Id.*  The court denied the plaintiff's motion to remand stating "plaintiff has provided no facts showing the [store manager] played any role in her injuries" and that a store manger does not incur personal liability for a corporation's torts merely by reason of the store manager's official title. *See id.* (citing *Orlovsky,* 405 So.2d at 1364).

Similarly, in *Pritchard*, the court denied plaintiffs' motion to remand because the plaintiffs failed to point to any evidence in support of their claim that the store manager was actively negligent. *Pritchard v. Wal-Mart Stores, Inc*., Case No. 8:09-cv-46, 2009 U.S. Dist. LEXIS 18593, at *7.  In *Pritchard* the plaintiffs filed suit against defendants Wal-Mart and one of its store managers in state court alleging claims of negligence and loss of consortium. *Id*. at*1.  The plaintiffs alleged the store manager owed a duty to plaintiffs to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises, and the store

manager breached those duties by acting negligently in falling to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises. *Id.* Wal-Mart removed the case based upon diversity jurisdiction despite the Florida citizenship of the store manager pursuant to the fraudulent joinder doctrine. *Id.* Thereafter, the store manager filed a motion to dismiss based on fraudulent joinder. *Id.* The defendants submitted a declaration from the store manager, in which she stated she had no prior knowledge of the dangerous condition, and no one, including customers from her store, notified her of the dangerous condition prior to the plaintiff's incident. *Id.* at *2. Wal-Mart submitted evidence that the store manager was not personally involved in the incident at issue, and as such, the store manager could not be found to be actively negligent. *Id.* at *3. The court agreed with Wal-Mart that the store manager was fraudulently joined as a defendant because the plaintiffs could not establish that the store manager was personally at fault for the plaintiffs' injuries as there was no evidence to support that the store manager was actively negligent. *Id.* The court denied plaintiffs' motion to remand and granted the store manger's motion to dismiss. *Id.*

In the instant case, Mary Wester was not personally involved in Plaintiffs incident. There is no possibility that Plaintiff can prove a cause of action for negligence against her because she was not actively negligent for this incident. *See Niurka Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 U.S. Dist. LEXIS 18359, at *7; *Franco v. Wal-Mart Stores East, L.P.*, Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016); *Edman v Wal-Mart Stores East, L.P.*, Case No. 9:19-CV-80356-DMM, ECF No. 20 and ECF No. 21, (S.D. Fla. May 6, 2019); and *Jennifer Roman v. Wal-Mart Stores East, L.P.*, 20-80869-Civ-Smith, ECF No. 10 (S.D. Fla. September 1, 2020). Most notably, Mary Wester did not commit or participate in Plaintiff's

alleged tort and did not play a role in Plaintiff's alleged injuries which are alleged to have occurred on the premises, as:

     a.      She was not in the area of the subject incident at the date and time the incident is alleged to have occurred;

     b.      Plaintiff failed to specifically identify the location where the incident is alleged to have occurred;

     c.      She did not witness Plaintiff's incident;

     d.      She did not personally participate in the events leading up to Plaintiff's alleged incident nor did he individually engage in tortious conduct;

     e.      She did not create a dangerous condition on the premises on March 9, 2019 or any other day;

     f:      She did not have knowledge of the alleged dangerous condition prior to Plaintiff's incident;

     g:      She did not have knowledge of any Wal-Mart employee creating an allegedly dangerous condition in the area of Plaintiff's incident immediately prior to same or any other day; and

     h:      She did not cause the subject allegedly dangerous condition in the area of Plaintiff's incident immediately prior to same;

Therefore, Wester had no knowledge of the alleged dangerous condition prior to Plaintiff's incident.  Moreover, the Complaint fails to allege any facts indicating Peterson was actively negligent by actively participating in and committing any tort to cause Plaintiff's incident.

After disregarding the fraudulently joined defendant, there can be no dispute that the citizenship of the Parties is diverse.

**Amount in Controversy**

Second, this action satisfies the amount in controversy requirement for purposes of removal, because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorney's fees. Id. "[W]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. A district court may consider any pre-suit settlement offers and demands in evaluating whether a case has been properly removed. Katz, 2009 1532129, at *4 (citation omitted). Plaintiff's demand is attached to as Exhibit "C".

Although Plaintiff's Complaint fails to allege a specific value of the requested relief, it alleges damages in excess of $30,000.00. The Plaintiff, in fact, seeks to recover damages exceeding $75,000.00. In support of this posture, the Plaintiff has produced medical bills in the amount of $36,975.00, alleged future medical expenses of $676,157.36 and further made a presuit demand of $750,000. See Exhibit "C" attached hereto. Indeed, Defendant believes that this issue is uncontested.

Accordingly, because the amount in controversy in this action exceeds the jurisdictional requirement and because citizenship of the parties are diverse, this action provides a basis for original diversity jurisdiction under 28 U.S.C. § 1332 and may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

**Venue**

Plaintiff's action is pending in state court in Palm Beach County, Florida, which is within this judicial district and division. See 28 U.S.C §89(b). This Court is the proper venue for removal under 28 U.S.C. §§1441(a), 1446(a).

**Timeliness**

As aforementioned, Defendant Wal-Mart Stores East, LP, was served on April 26 2021. Defendant has sought removal within thirty days from the date that Plaintiff's Complaint was served on and received by the Defendant.  Accordingly, this Notice of Removal is timely filed. 28 U.S.C. § 1446(b) (stating notice of removal must be filed within thirty days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based).

**Notice**

As required by 28 U.S.C. § 1446(d), Defendant will serve written notice of this Notice of Removal to the Plaintiff and will file a copy of it with the clerk of the state court.

**Conclusion**

For the foregoing reasons, Defendants respectfully requests that this action, previously pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County Florida, be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

WHEREFORE, Defendant, WAL-MART STORES EAST, LP, by and through their undersigned attorney, respectfully requests that this matter be removed and that this Honorable Court grant such other and additional relief as is otherwise proper.

Dated:  May 26, 2021.

Respectfully Submitted,

MARSHALL DENNEHEY

By:     /s/ *Harris B. Kirsch*
        Harris B. Kirsch, Esq.
        Florida Bar No.: 30873

hbkirsch@mdwcg.com
Eric L. Reichenberger, Esq.
Florida Bar Number: 86219
elreichenberger@mdwcg.com
2400 E. Commercial Blvd., Suite 1100
Fort Lauderdale, FL 33308
Telephone:  954-847-4920
Facsimile:  954-627-6640
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 26, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I e-mailed or mailed the foregoing document and the notice of electronic filing to all counsel of record or pro se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Michael R. Kaufman, Esq.
Michael R. Kaufman, P.A.
Law Center at Brickell Bay
2333 Brickell Ave., Suite A-1
Miami, FL 33129
[mkaufman@michaelkaufmanlaw.com].

By:      /s/ *Harris B. Kirsch*
Harris B. Kirsch, Esq.