IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

JAMES DEAKINS,

    Case No. 21-4057

    Plaintiff,

vs.

WAL-MART STORES EAST LP
a Foreign Limited Partnership,
d/b/a Walmart #2176, and;
**MARY WESTER**

    Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, JAMES DEAKINS, by and through the undersigned counsel, files this Complaint for Damages against Defendant, WAL-MART STORES EAST LP, a Foreign Limited Partnership d/b/a Walmart #2176, and; MARY WESTER, and alleges as follows:

## JURISDICTIONAL AND IDENTIFICATION OF PARTIES

1. This is a cause of action which exceeds the minimum jurisdictional limits of this Court, to wit Thirty Thousand Dollars ($30,000.00), exclusive of interest and costs.

2. At all times material, the Plaintiff, JAMES DEAKINS, was and is a resident of Palm Beach County, Florida.

Page 1

3. At all times material, Defendant, WAL-MART STORES EAST LP, a Foreign Limited Partnership, d/b/a Walmart #2176, (hereinafter "WALMART") was and is a duly organized foreign limited partnership, transacting business throughout the State of Florida, including Palm Beach County, Florida.

4. At all times material and at the time of the incident complained of, Defendant, **MARY WESTER**, was an employee, agent or apparent agent of the Defendant, **WALMART**; and is a resident of Palm Beach County, Florida.

## FACTS COMMON TO ALL COUNTS

5. This is a personal injury claim arising out of a slip and fall incident occurring on March 9, 2019 at a WALMART store owned, leased, managed, operated, maintained, inspected, and/or controlled by the Defendant, WALMART.

6. The subject property is located at 2144 W. Indiantown Rd., Jupiter, Palm Beach County, Florida.

7. On March 9, 2019, Plaintiff, JAMES DEAKINS, was a business invitee and patron of Defendant, WALMART, and was lawfully on the premises.

8. On the above alleged date, Plaintiff, JAMES DEAKINS, after entering Defendant's retail store he slipped and fell on a poorly maintained and slippery surface as a result of the defendant's negligence causing serious and permanent injuries and damages as more specifically alleged hereinafter.

## COUNT I

## PREMISE LIABILITY CLAIM AGAINST WALMART

Plaintiff adopts and realleges the allegations contained in paragraphs 1 through 7 as though fully set forth herein and further alleges:

9. At all times material, Defendant, WALMART, was charged with the responsibility, care, management, inspection and maintenance of the aforementioned property, including the floor areas adjacent to the storefronts doorways leading into the subject Walmart store, and had a duty to care for and maintain said premises in a reasonably safe condition, which would be free from hazards and dangers so as not to cause injuries to business invitees and members of the public and, in particular, the Plaintiff, JAMES DEAKINS.

10. Notwithstanding said duties, Defendant, WALMART, by and through its employees and/or agents acting within the course and scope of their employment and/or agency, breached said duty to maintain said premises in a reasonably safe condition by allowing unreasonably dangerous, defective and unsafe condition to exist as specifically alleged below, by committing one of more of the following negligent acts of omission and/or commission:

    (a) Negligently inspected and maintained the area were the subject incident occurred at Defendant's Walmart store;

    (b) Negligently inspected and maintained the areas of ingress and egress at the subject Defendant's store;

    (c) Negligently failed to maintain its storefront doorways and related flooring in a reasonably

Page 3

safe manner;

(d) Negligently failed to use appropriate floor mats for the circumstances thereby creating a foreseeable slip hazard to shoppers and other business invitees, including the Plaintiff herein;

(e) Negligently failed to provide any warnings for the public, and particularly to the Plaintiff, of the existence of the aforementioned unsafe and hazardous slippery conditions;

(f) Negligently failed to provide appropriate safeguards to mitigate against the risk of slip and fall hazards in view of the circumstances, including but not limited to, the weather forecast, rain, slippery and unsafe floor conditions at the doorways and adjacent areas, slick flooring, and lack of adequate overhead canopies and safety matts; and,

(g) Negligently allowed the aforementioned dangerous and unsafe conditions, to remain on the property without taking sufficient steps to correct such dangerous and hazardous conditions.

11. At all times material, Defendant, WALMART, by and through its employees and/or agents, acting within the course and scope of their employment and/or agency, knew or should have known that such dangerous and unsafe conditions existed and that same exposed the public, and in particular, the Plaintiff, JAMES DEAKINS to physical and bodily harm.

12. As a direct and proximate result of the aforesaid negligence of Defendant, WALMART, Plaintiff, JAMES DEAKINS, suffered bodily injuries, pain and suffering, disability, disfigurement, scarring, deformity, mental anguish, inconvenience, loss of capacity for the enjoyment of life, medical expenses, hospital expenses, rehabilitation expenses, aggravation of pre-existing disease, affliction of mental distress, anxiety, loss of earnings, loss of work time,

Page 4

loss of earning capacity, and all other damages allowable under Florida law. Plaintiff, JAMES DEAKINS has suffered such losses and damages in the past, and will continue to suffer such losses and damages in the future.

WHEREFORE, Plaintiff, JAMES DEAKINS demands judgment for compensatory damages against Defendant, WAL-MART STORES EAST LP., together with taxable costs incurred herein.

Plaintiff hereby demands jury trial on all issues so triable.

## COUNT II

## NEGLIGENCE CLAIM AGAINST MARY WESTER

Plaintiff adopts and realleges the allegations contained in paragraphs 1 through 7 as though fully set forth herein and further alleges:

13. At all times material, Defendant, MARY WESTER, as an agent and/or employee of Defendant, WALMART, was charged with the responsibility, care, management, inspection and maintenance of the aforementioned property, including the areas in and around the storefronts doorways leading into the subject Walmart store, and had a duty to care for and maintain said premises in a reasonably safe condition, which would be free from hazards and dangers so as not to cause injuries to business invitees and members of the public and, in particular, the Plaintiff, JAMES DEAKINS.

14. Notwithstanding said duties, Defendant, MARY WESTER, while acting within the

Page 5

course and scope of her employment and/or agency with Defendant, WALMART, breached said duty to maintain said premises in a reasonably safe condition by allowing unreasonably dangerous, defective and unsafe condition to exist as specifically alleged below, and by committing one of more of the following negligent acts of omission and/or commission:

(a) Negligently inspected and maintained the area were the subject incident occurred at Defendant's Walmart store;

(b) Negligently inspected and maintained the areas of ingress and egress at the subject Defendant's store;

(c) Negligently failed to maintain its storefront doorways and related flooring in a reasonably safe manner;

(d) Negligently failed to use appropriate floor mats for the circumstances thereby creating a foreseeable slip hazard to shoppers and other business invitees, including the Plaintiff herein;

(e) Negligently failed to provide any warnings for the public, and particularly to the Plaintiff, of the existence of the aforementioned unsafe and hazardous slippery conditions;

(f) Negligently failed to provide appropriate safeguards to mitigate against the risk of slip and fall hazards in view of the circumstances, including but not limited to, the weather forecast, rain, slippery wet floor conditions at the doorways and adjacent areas, slick flooring, and lack of adequate overhead canopies and safety matts; and,

(g) Negligently allowed the aforementioned dangerous and unsafe conditions to remain on the property without taking sufficient steps to correct such dangerous and hazardous conditions.

15. At all times material, Defendant, MARY WESTER, knew or should have known that such dangerous and unsafe conditions existed and that same exposed the public, and in particular, the Plaintiff, JAMES DEAKINS to physical and bodily harm.

16. As a direct and proximate result of the aforesaid negligence of Defendant, MARY

Page 6

WESTER, Plaintiff, JAMES DEAKINS., suffered bodily injuries, pain and suffering, disability, disfigurement, scarring, deformity, mental anguish, inconvenience, loss of capacity for the enjoyment of life, medical expenses, hospital expenses, rehabilitation expenses, aggravation of pre-existing disease, affliction of mental distress, anxiety, loss of earnings, loss of work time, loss of earning capacity, and all other damages allowable under Florida law. Plaintiff, JAMES DEAKINS has suffered such losses and damages in the past, and will continue to suffer such losses and damages in the future.

WHEREFORE, Plaintiff, JAMES DEAKINS demands judgment for compensatory damages against Defendant, MARY WESTER., together with taxable costs incurred herein.

**Plaintiff hereby demands jury trial on all issues so triable.**

# COUNT III

# NEGLIGENCE CLAIM AGAINST WALMART

Plaintiff, JAMES DEAKINS adopts and re-alleges the allegations contained in paragraphs 1 through 7, as though fully set forth herein and further alleges:

17. At all times material hereto, Defendant, WALMART as part of its operations, activities and services hired, trained, managed and supervised employees and/or agents to maintain and keep its premises in reasonably safe condition for patrons entering and leaving the subject Walmart store.

18. At all times material hereto, Defendant, WALMART, had a duty to

Page 7

exercise reasonable care in performing all activities and operations related to managing, supervising, and operating a retail store, including the management of the areas of ingress and egress and to provide reasonably safe storefront entranceways in view of foreseeable inclement weather conditions and pedestrian traffic that could make such areas of the Defendant's store slippery, hazardous and unsafe. Defendant, WALMART, also had a duty to exercise reasonable care to provide appropriate policies, procedures and rules related to the management and maintenance of the areas of ingress and egress so as to make such areas reasonably safe and free from hazards and dangers so as not to cause injuries to foreseeable store patrons, and in particular, Plaintiff, JAMES DEAKINS.

19. At all material times here to, Defendant, WALMART acting through its employees and/or agents, breached its duty to exercise reasonable care in performing the activities and operations related to managing, maintaining, supervising, and operating a retail store and in particular managing the areas of ingress and egress, by committing one or more of the following negligent acts of omission and/or commission:

a. Negligently allowed store patrons to use a store entrance when it knew or should've known that due to weather, or other foreseeable circumstances, such areas were or could become hazardous and unsafe due to slippery conditions;

b. Negligently trained or failed to adequately train staff regarding maintenance and safety of the store's entranceways;

c. Negligently failed to have adequate and appropriate policies, rules and procedures regarding the management and safe operations of the stores entranceways and adjacent ingress and egress areas regarding hazard or unsafe conditions;

d. Negligently failed to provide adequate canopy or similar coverage to mitigate

Page 8

against weather conditions causing the stores entranceways and adjacent ingress and/or egress areas to become hazardous and/or unsafe; and,

e. Negligently failed to manage and properly supervise the Defendant's employees and/or agents to take remedial actions when hazardous and unsafe conditions exist;

f. Negligently failed to supervise employees to comply, and otherwise enforce, safety protocols designed to protect customers from foreseeable slip hazards; and,

g. Was otherwise negligent in its responsibility to exercise reasonable care in the management of its operations, employees and/or agents.

20. At all times material hereto, Defendant, WALMART, by and through its employees and/or agents, acting within the course and scope of their employment and/or agency, knew or should have known that such negligent failures as alleged hereinabove, would subject store patrons, and in particular, Plaintiff, JAMES DEAKINS to physical and bodily harm.

21. As a direct and proximate result of the aforesaid negligence of Defendant, WALMART, Plaintiff, JAMES DEACON., suffered bodily injuries, pain and suffering, disability, disfigurement, scarring, deformity, mental anguish, inconvenience, loss of capacity for the enjoyment of life, medical expenses, hospital expenses, rehabilitation expenses, aggravation of pre-existing disease, affliction of mental distress, anxiety, loss of earnings, loss of work time, loss of earning capacity, and all other damages allowable under Florida law. Plaintiff, JAMES DEAKINS has suffered such losses and damages in the past, and will continue to suffer such losses and damages in the future.

**WHEREFORE**, Plaintiff, JAMES DEAKINS demands judgment for compensatory damages against Defendants, WAL-MART STORES EAST LP and MARY WESTER, together with taxable costs incurred herein.

Plaintiff hereby demands jury trial on all issues so triable.

MICHAEL R. KAUFMAN, P.A.
Law Center at Brickell Bay
2333 Brickell Ave., Ste. A-1
Miami, FL 33129
Telephone: 305-764-3818
Facsimile: 305-764-3819

By: /s/_____
Michael R. Kaufman
Florida Bar No. 301647